22 F.3d 1185
 306 U.S.App.D.C. 103
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Eric MURRAY, Appellant.
 No. 92-3168.
 United States Court of Appeals, District of Columbia Circuit.
 April 1, 1994.
 
 Before: MIKVA, Chief Judge, WILLIAMS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia, on the briefs of counsel, and on oral argument. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the district court's judgment from which this appeal has been taken be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant Eric Murray challenges his drug conviction on the ground that the district court improperly denied his motion to suppress the drugs found on his person during a search incident to a lawful arrest. Mr. Murray was arrested on a public street after a police officer, Ralph Nitz, saw him engaging in an apparent drug transaction. Officer Nitz had witnessed Mr. Murray place the drugs inside the rear of his pants after the transaction was complete. After arresting Mr. Murray, police proceeded to conduct a search of his person incident to the arrest. Mr. Murray began to resist when the officers began searching the area where Officer Nitz had seen him hide the drugs. According to Officer Phillip Burton, whose testimony the district court explicitly credited, Mr. Murray began to kick out with his legs and push up with his hands (which were handcuffed behind him), leading the officers to believe that he was trying to "push drugs deep into his buttocks area."
 
 
 5
 Confronted with this situation, the officers restrained Mr. Murray and loosened his pants so that they could reach inside. Using rubber gloves, Officer Burton placed his hand inside the back of Mr. Murray's pants to a point just below his waist, "the top part of what would be the cheeks of his buttocks." From that spot, Officer Burton removed a plastic bag containing crack cocaine. The district court, accepting Officer Burton's testimony as true, upheld the search as a lawful search incident to arrest. Mr. Murray now appeals that ruling, arguing that the search was unreasonably invasive under the Fourth Amendment and that it amounted to a denial of due process of law under the Fifth Amendment.
 
 
 6
 We affirm the district court's decision. Under the circumstances, the officers were justified in believing that Mr. Murray had hidden drugs inside the rear of his pants and that he was attempting to push the drugs into his rectum. Had he succeeded, the police might have been required to obtain a warrant for a cavity search or to await a bowel movement to recover the evidence. While this prospect would not justify a strip search on a public street, a very limited intrusion of the sort occurring here is not unreasonable. We wish to make it clear, however, that such public intrusions should not be the norm. Ordinarily, when police wish to search the private areas of an arrestee's person incident to arrest, they should first remove the arrestee to a private location--i.e., a private room in the stationhouse. The circumstances of this case, however, were unusual. The officers knew that Mr. Murray was concealing drugs in the rear of his pants, and they observed him trying to push those drugs into his rectum. Under these circumstances, and given the very limited scope of the intrusion, we think the motion to suppress was properly denied.